**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-295-JBC**

**JOAN CHARLENE RAY,**                                              **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this action to United States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and Recommendation, to which the plaintiff filed objections. When the parties to an action submit objections to the magistrate judge's report and recommendation, the district court reviews the record *de novo*. 28 U.S.C. § 636(b)(1)(C). The court, having reviewed the record and being otherwise sufficiently advised, will accept the magistrate judge's report and recommendation and will affirm the Commissioner's decision.

The plaintiff objects to the magistrate judge's report and recommendation, claiming that the ALJ did not give the proper deference to her treating physicians' opinions and improperly discounted her complaints of pain and limitations, finding them not credible. In support of these arguments, the plaintiff states that another ALJ

awarded her benefits for her second application on April 13, 2004, which was one day after ALJ John M. Lawrence, the ALJ in this case, found that she was not disabled for purposes of her first application.  She argues that since the two applications are based on the same record, ALJ Lawrence erred.  Although this information was not available to the magistrate judge when he issued his report and recommendation, it does not affect the accuracy of the report and recommendation.  The ALJ's denial decision was supported by substantial evidence and should be affirmed.

The plaintiff filed her first application for Disability Insurance Benefits claiming that she became disabled on September 18, 2000, due to back pain, shoulder pain, cervical problems, hypertension, diabetes, fibromyalgia, allergies, and depression. (TR 13).  After her application was denied, an ALJ hearing was held.  ALJ John M. Lawrence issued an unfavorable hearing decision on July 23, 2002.  The plaintiff appealed that decision to the United States District Court, which remanded the action to the Commissioner for further consideration pursuant to sentence 4 of 42 U.S.C. § 405(g). The Appeals Council vacated the Commissioner's prior decision and remanded the matter to an ALJ for further proceedings, including a hearing.  ALJ Lawrence conducted another hearing on December 11, 2003, and issued a decision unfavorable to the plaintiff on April 12, 2004.  ALJ Lawrence found that the plaintiff remains able to perform her Prior Relevant Work (PRW) as a secretary and was not under a disability at any time through the date of his decision.

Review of the ALJ's decision to deny disability benefits is limited to determining

whether there is substantial evidence to support the denial decision. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971). The court must examine the record as a whole and take into account whatever is in the record that detracts from its weight. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980).

**Opinions of the Plaintiff's Treating Physicians**

An ALJ is not bound by a treating physician's opinion, and "such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). An ALJ may reject the treating physician's opinions if good reasons are identified for not accepting it. *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988).

Here, the ALJ rejected the opinions of Dr. David L. Jackson and Dr. R. Finley Hendrickson because the limitations that they placed on the plaintiff were not supported by clinical findings. Dr. Jackson diagnosed the plaintiff with fibromyalgia, peripheral neuropathy, chronic lower back pain and neck pain, and osteoarthritis, noting only moderate or mild restrictions and no severe restrictions. (TR 344) Dr. Hendrickson, the plaintiff's family physician, completed a disability questionnaire subsequent to remand, diagnosing degenerative disc disease, chronic neck and back pain, fibromyalgia, peripheral neuropathy-DMII, osteoarthritis, and hypertension. He

3

indicated that these conditions imposed mild to moderate restrictions and noted no severe restrictions. (TR 348) Both physicians noted that the plaintiff suffered from depression but did not refer her to a psychologist or psychiatrist for further evaluation or treatment. In his denial decision, the ALJ noted that the restrictions recommended by the treating physicians were inconsistent with the medical evidence. (TR 295) Consequently, he properly rejected the limitations imposed by Drs. Jackson and Hendrickson.

**Plaintiff's Subjective Complaints of Pain and Limitations**

There is also substantial evidence regarding the Commissioner's determination that the plaintiff's subjective complaints of pain and limitations do not create a disabling condition. In evaluating a claimant's subjective complaints of pain, the Commissioner determines whether the claimant has an underlying condition and, if so, whether the objective evidence supports the complaints, or the complaints are reasonable in light of the objectively determined medical conditions. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ found that the objective medical evidence did not support the plaintiff's allegations that her pain was disabling. Further, the Commissioner considered the plaintiff's complaints and found her testimony not entirely credible. He considered the appropriate factors, including the plaintiff's daily activities, the objective evidence, treatment, and medication.

**Subsequent Award of Disability Benefits**

The subsequent award of disability benefits on April 13, 2004, is not relevant to the ALJ's decision on April 12, 2004, even though it was one day later. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992). Therefore, the plaintiff's argument that she is entitled to reversal of the Commissioner's decision is without merit. The record reveals that the ALJ properly considered all of the clinical findings, medical test results, physicians' opinions, and subjective complaints of pain and limitations. While this court might have resolved the facts differently than ALJ Lawrence, as did a different ALJ, the instant decision to deny benefits must stand because it was supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Accordingly,

**IT IS ORDERED** that the magistrate judge's Proposed Findings of Fact and Recommendation (DE 14) are **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the motion of the plaintiff for summary judgment (DE 10) is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion of the Commissioner for summary judgment (DE 12) is **GRANTED**.

Signed on June 22, 2005



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY